UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


J&J SPORTS PRODUCTIONS, INC.                                              PLAINTIFF


v.                                                          CIVIL ACTION NO. 3:15-CV-721-JHM


DAMON E. BURGESS, et al.                                                  DEFENDANTS


**FINDINGS OF FACT**
**CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

This matter has been referred to the Magistrate Judge by order of the District Court, pursuant to 28 U.S.C. §636(b)(1)(B), for entry of a report and recommendation on the award of damages to the Plaintiff, J&J Sports Productions, Inc. (J&J Sports) following the entry of a default against Defendants, Damon Burgess and 4Play Bar and Grille, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (DN 17, Order of Referral).

J&J Sports originally sued, Damon Burgess and 4Play Bar and Grille on Sept. 11, 2015, for their alleged violation of the Communications Act of 1934 (Communications Act), as amended, 47 U.S.C. § 605 *et seq*., and the Cable & Television Consumer Protection and Competition Act of 1992 (Cable Act), as amended 47 U.S.C. §553 *et seq*. The complaint alleges that on Sept. 14, 2013, Damon Burgess, individually and as owner and operator of the 4Play Bar and Grille, a bar/restaurant located at 4739 Dixie Highway in Louisville, Kentucky willfully intercepted and broadcast the middleweight championship boxing fight "The One" between

Floyd Mayweather, Jr., and Saul Alvarez without the authorization by Plaintiff J&J Sports, a California corporation that was granted the exclusive nationwide commercial distribution rights to telecast the fight.

J&J Sports served summons on Damon Burgess and 4Play Bar and Grille on December 21, 2015 (DN 7, 8, Summons Returned Executed; DN 10, Status Report). Neither Defendant has filed a responsive pleading. J&J Sports moved the District Court for entry of a default as to both Defendants on May 10, 2016 (DN 11, Motion for Entry of a Default). On May 12, 2016, the Clerk of Court entered a default against both Defendants (DN 12, Entry of Default). Neither Defendant has moved to set aside the default (DN 13). J&J Sports then filed a motion for entry of a default judgment on November 29, 2016, which the District Court referred to the Magistrate Judge (DNs 16, Motion for Default Judgment; DN 17, Order of Referral).

J&J Sports has submitted proof by way of the affidavit of its President Joseph Gagliardi, an affidavit of its auditor, Courtney Jones, who was present at the 4Play Bar and Grille on Sept.14, 2013, when the fight was aired, and the affidavit of its attorney, Lisa Riley, as to the extend and cost of her legal services. (DN 19, Notice of Filing of Documents). The report of auditor Jones, an employee of Audit Masters, indicates that she entered the 4Play Bar and Grille at approximately 12:20 a.m., on Sept. 15, at which time she observed the title bout between boxers Mayweather and Alvarez being displayed on five standard-sized television sets (DN 19, Ex. 4, Audit Report). Jones observed approximately twenty-one persons, including employees, then present inside the establishment (Id.). No admission or cover charge apparently was required (Id.). Neither, Damon Burgess nor 4Play Bar and Grille had paid J & J Sports the standard $2,200 licensing fee ordinarily charged for a commercial establishment of its size so as to lawfully broadcast the fight.

The affidavit of Jones indicates that a large male employee believed possibly to be the owner, Burgess, was then present at the bar/restaurant while the fight was being displayed.

## CONCLUSIONS OF LAW

A plaintiff proceeding under §553 or §605 of either Act may elect to recover either actual or statutory damages. Section 553(c)(3)(A) of the Communications Act provides that a plaintiff may recover an award of statutory damages for all violations involved in the action in the sum of not less than $250 nor more than $10,000 as the Court considers just. 47 U.S.C. §553(c)(3). Under §605(e)(3)(C) of the Cable Act, a plaintiff may elect to recover statutory damages that range from a minimum of $1,000 to a maximum of $10,000 in the discretion of the Court. 47 U.S.C. §605(e)(3)(C)(i).

A willful violation of either §553 or §605 may result in enhanced statutory damages. Section 605 of the Communications Act permits the recovery of enhanced statutory damages of up to $100,000 in the discretion of the Court where the defendant has exhibited a disregard for the governing statute and indifference to its requirements. *See, Kingvision Pay-Per-View, Ltd. v. Scott E's Pub, Inc.*, 146 F. Supp.2d 955, 959-61 (E.D. Wisc. 2001). Likewise, if the Court determines that a violation of §553 of the Cable Act was committed willfully for the purpose of commercial advantage, the Court may increase the award of statutory damages to an amount not more than $50,000. 47 U.S.C. §553(c)(3)(B).

Here, the complaint of J&J Sports seeks to recover under both §553 and §605 of the Acts. Recovery under both §§553 and 605, however, is not possible "because the sections target two distinct types of piracy." *See, Joe Hand Promotions, Inc. v. Ewer*, Case No. 09-C-612, 2009 WL 3269658 at *1 (E.D. Wisc. Oct. 8, 2009) (citing *United States v. Norris*, 88 F.3d 462, 468 (7th

Cir. 1996)). The former section of the Cable Act, 47 U.S.C. §553 governs the interception of cable television programming traveling over a cable network; whereas the latter section, 47 U.S.C. §605 of the Communications Act governs the interception of programming as it travels through the air. *Norris*, 88 F.3d at 468.

When a court must deal with a case that potentially involves a violation of both of these sections, the majority view is to permit the recovery of damages under Section 605 of the Communications Act because the provision allows for greater recovery by plaintiffs. *See, Entertainment by J&J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F. Supp.2d 769, 775 (S.D. Tex. 2002) (citing *Sykes*, 75 F.3d at 127); *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp.2d 485, 489 (S.D. N.Y. 1999)). J & J Sports has requested damages pursuant to § 605 for this reason. The Magistrate Judge therefore shall apply the provisions of §605 of the Communications Act to determine statutory damages given that liability has been conclusively established as to both Defendants due to the entry of the default judgment. See, 47 U.S.C. §605(e)(3)(C)(i).

The Court has considered a broad range of factors in its determination of a recommended statutory amount for recovery. Some of the factors considered include the size of the commercial establishment, the number of patrons present, the number of television sets illegally broadcasting the decoded transmission, the existence and extent of any pre-broadcast advertising, prior violations of the Act by the Defendants, and any additional profit obtained through event-related, promotional food or beverage sales. *See, Joe Hand Promotions*, 2009 WL 3269658 at *3 (listing factors considered by the court in calculating damages).

Consideration of these factors persuades the Magistrate Judge to recommend that the District Court impose upon the Defendants jointly and severally, statutory damages available

under §605(e), of $4,400, or twice the normal licensing fee of $2,200 that the defendants would have had to pay to lawfully broadcast the fight. Review of the affidavit of auditor Jones reveals that 4Play Bar and Grille is a smaller local business establishment with no known history of prior violations of the Act. In total, some 21 individuals, including employees, were present in the establishment on the evening of Sept. 14, 2013, when Jones entered.

No exterior photographs of the establishment apparently were taken by Jones that evening to reveal whether or not there was any external, on-site advertising of the boxing match. Nevertheless, it is clear to the Court that the unlicensed exhibition of "The One" boxing match was intentional. All of these circumstances taken together militate toward the imposition of statutory damage at the $4,400 amount.

*Willful Violation*.

J&J Sports also seeks enhanced damages for the willful violation of §605. Section 605, as noted, authorizes the imposition of enhanced damages of up to $100,000 at the discretion of the Court when a defendant has exhibited willful disregard for the governing statute and indifference to its requirements. *See, Kingvision*, 146 F. Supp.2d at 959-61. *See also, J&J Sports Productions, Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp.2d at 474-75 ("The plaintiff is entitled to an enhancement, however, if it establishes that the underlying violation was willful and undertaken for commercial advantage or private financial gain.") (citing 47 U.S.C. §605(e)(3)(C)(ii)).

Willfulness is readily apparent in cases such as this one where a scrambled signal has been misappropriated for broadcast in a commercial setting. *Id*. (citing *Googies Luncheonette*, 77 F. Supp.2d at 490 ("Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."); *Taco Rapido*, 988 F.Supp. at 111 ("In

5

order for [the defendant] to receive the closed-circuit broadcast, it had to have engaged in some deliberate act.")). Clearly, defendants acted willfully in misappropriating the broadcast without payment of the license fee to J&J Productions. The Court therefore recommends, that an additional amount of $1,500 above the $4,400 amount already discussed be imposed on Defendants for a total amount of $5,900 in damages. The increase reflects the Court's consideration of the factors cited previously in determining the statutory damage amount.

*Attorney Fees and Costs*.

The final matter to be considered in this recommendation is the possible imposition of attorney's fees and costs. In 1988, Congress amended §605 to provide that the Court "shall direct the recovery at full cost including awarding reasonable attorney's fees to an aggrieved party who prevails." Pub. L. No. 100-667, §205(a), 102 Stat. 3935, 3959 (1988) (codified at U.S.C. §605(e)(3)(B)(iii)). Accordingly, the award of attorney's fees and full costs is mandatory under §605, in contrast to §553(c)(2)(C) under which the recovery of full costs and attorney's fees to an aggrieved party is discretionary. *Int'l Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1009-10 (2nd Cir. 1993).

The proper method for the calculation of attorney's fees is the "Lodestar" method whereby the hours reasonably expended by counsel are multiplied by a reasonable hourly rate commensurate with that fee rate imposed in the local legal community by counsel of similar experience. *See, General Instrument Corp. of Delaware v. Nu-Tek Electronics*, 197 F.3d 83, 91 (3rd Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). *See also, J&J Sports Productions, Inc. v. 291 Bar & Lounge*, 648 F.Supp.2d at 475-76 ("The court calculates this fee

by multiplying the number of reasonable hours expended on the litigation by a reasonable hourly rate.").

J&J Sports Production has filed with the proof of damages an affidavit of the Plaintiff's counsel, Lisa Riley, which documents claimed costs of $480.00, along with billable attorney's fees of $1,170.00 representing 5.5 billable hours at a rate of $195 an hour (DN 21, Ex. 3, Riley Aff.). Examination of the affidavit of counsel and supporting documentation persuades the Magistrate Judge that the documented hours and hourly rate for services are reasonable in light of the nature of the litigation and location of the practitioner. Accordingly, the Magistrate Judge shall recommend that the Plaintiff recover attorney's fees in the total amount of $1,170.00 along with costs in the total amount of $480.00.

## RECOMMENDATION

The Magistrate Judge having made findings of fact and conclusions of law recommends that a judgment for statutory damages in the amount of $5,900 be imposed against Defendants. The Magistrate Judge further recommends that attorney's fees in the amount of $1,170.00, and costs in the amount of $480.00 be awarded to the Plaintiff for a total Judgment amount of $7,550.00 against Defendants jointly and severally.

## **NOTICE**

Within fourteen (14) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd.*, 474 U.S. 140 (1985). 28 U.S.C. § 636(b)(1)(c); Fed.R.Civ.P. 72(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

Cc: Defendants
     Counsel of Record